**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:   (925) 300-4455
Facsimile:    (925) 407-2700
E-Mail:   ltfisher@bursor.com
          swestcot@bursor.com

*Attorneys for Plaintiff Enzo Forcellati*
*(additional counsel appears on signature page)*

**FULBRIGHT & JAWORSKI L.L.P.**
Jeffrey Margulies (State Bar No. 126002)
Joseph H. Park (State Bar No. 175064)
Stephanie Stroup (State Bar No. 235071)
555 South Flower Street. 41st Fl.
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
Email:  jmargulies@fulbright.com
        jpark@fulbright.com
        sstroup@fulbright.com

*Attorneys for Defendants Hyland's, Inc.,*
*Standard Homeopathic Laboratories,*
*Inc., and Standard Homeopathic*
*Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZO FORCELLATI, on Behalf of Himself and all Others Similarly Situated,<br><br>                  Plaintiff,<br><br>      v.<br><br>HYLAND'S, INC., STANDARD HOMEOPATHIC LABORATORIES, INC., and STANDARD HOMEOPATHIC COMPANY,<br><br>                  Defendants. | CASE NO. 2:12-CV-01983 GHK(MRW)<br><br>**REPORT OF PARTIES' PLANNING MEETING**<br><br><u>Scheduling Conference</u><br>Date:  August 13, 2012<br>Time:  1:30 p.m.<br>Courtroom:  650<br><br>The Honorable George H. King |

Pursuant to the Court's June 18, 2018 Order Setting Scheduling Conference ("Order"), on July 10, 2012, counsel for the parties – Plaintiff Enzo Forcellati ("Plaintiff") and Defendants Hyland's, Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company (collectively "Defendants") – met in person to discuss the matters set forth in Federal Rule of Civil Procedure ("Rule") 26(f), Local Rule 26-1, and the Order. Pursuant to the Order, the parties respectfully submit their Report of Parties' Planning Meeting.

### A. Nature Of The Action

*Plaintiff's Statement:*

This is a class action against Defendants arising out of the sale of homeopathic cold and flu remedies sold over the counter ("OTC"), including Hyland's Cold 'n Cough 4 Kids ("Cold 'n Cough"), Hyland's Cough Syrup with 100% Natural Honey 4 Kids ("Cough Syrup"), Hyland's Sniffles 'n Sneezes 4 Kids ("Sniffles 'n Sneezes"), Hyland's Cold Relief Strips 4 Kids with Zinc ("Cold Strips"), Hyland's Complete Flu Care 4 Kids ("Flu Care"), and Hyland's Nighttime Cold 'n Cough 4 Kids ("Nighttime Cold") (collectively "Cold and Flu Remedies" or "Products"). Complaint ¶ 1.

Hylands represents that its homeopathic Cold and Flu Remedies offer children "Fast acting," "Safe & Effective," "Multi-symptom" relief from cold and flu symptoms, including runny noses, sore throats, coughs, headaches, body aches, flu and congestion. *Id.* ¶ 2. In fact, Hyland's Cold and Flu Remedies are nothing more than sweetened, flavored water with only highly diluted concentrations of the products' so-called "active ingredients." *Id.*

As a direct and proximate result of Hyland's false and misleading advertising claims and marketing practices, Plaintiff and the members of the Class purchased Hyland's Cold and Flu Remedies to treat cold and flu symptoms for

1  which the drugs were not fast acting or efficacious as they were marketed and
2  advertised. *Id.* ¶ 3.
3      Plaintiff seeks relief in this action individually, and on behalf of all
4  purchasers of Hyland's Cold and Flu Remedies, for Hyland's violations of the
5  Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*, for breach of express warranty,
6  breach of implied warranties of fitness and merchantability, violations of the New
7  Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*, violation of the California
8  Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair
9  Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, and False
10 Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*

11     *<u>Defendants' Statement:</u>*

12     Defendants deny Plaintiff's allegations and claims.  Defendants' statements
13 regarding the effectiveness of the Products are not false or misleading but true and
14 in full compliance with FDA regulations governing the sale of homeopathic drugs.
15 It is improper for Plaintiff, under the guise of a false advertising claim, to ask this
16 Court to render a policy decision on the quantum of scientific proof necessary to
17 legally market a drug.  Merely because the one product Plaintiff used, Cold 'n
18 Cough 4 Kids, allegedly didn't work for Plaintiff doesn't render the product
19 claims false or misleading, and to find otherwise would be to find *every* drug
20 labeling false or misleading, or breaching express or implied warranties, simply
21 because no drug is effective in relieving symptoms in 100% of individuals.

22     Additionally, Defendants deny that Plaintiff's claims are appropriate for
23 class certification for a number of reasons, including, *inter alia*: (1) Plaintiff
24 claims to have used only one of the Products (Cold 'n Cough 4 Kids) and may not
25 maintain claims on behalf of himself and/or putative class members as to any of
26 the other Products; (2) under *Mazza v. American Honda*, 666 F.3d 581 (9th Cir.
27 2012), Plaintiff may not certify a nationwide class; (3) the differences in the laws
28

of the 50 states, the Products and the ingredients for the Products, and the individual facts of each putative class member's experiences (including the reason for buying the Products, i.e., whether a customer relied on the product packaging or advertisements) make class certification inappropriate in this case.

### B. Status of Pleadings

Plaintiff served Defendants with the Complaint on March 9, 2012. On June 1, 2012, the Court granted in part and denied in part Defendants' motion to dismiss. Defendants filed their Answer on June 15, 2012.

### C. Additional Parties

The parties do not anticipate any additional parties at this time. Plaintiff proposes the Court set a November 16, 2012 deadline for amending to add additional parties.

### D. Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### E. Anticipated Motions

*Plaintiff's Statement:*

Plaintiff anticipates moving for class certification as soon as practicable, after some initial discovery is completed. The Court has approved the parties' stipulation that the time requirements of Local Rule 23-3 shall not apply in this action. Plaintiff proposes the following briefing schedule for his class certification motion:

| | |
|---|---|
| Motion: | November 30, 2012 |
| Opposition: | January 14, 2013 |
| Reply: | February 25, 2013 |

1       Hearing:         March ____, 2013 [To be set by the Court]

2 At this time, Plaintiff does not anticipate filing any dispositive motions.
3 Plaintiff proposes a dispositive motion filing cut-off date of August 16, 2013.

4       *Defendants' Statement:*

5 At the parties' Rule 26(f) conference, the parties discussed setting a briefing
6 schedule which accounted for the holidays in December/January, including
7 potential scheduling issues in taking discovery necessary for Defendants'
8 opposition to Plaintiff's motion for class certification during the holidays.
9 Defendants propose the following briefing schedule for Plaintiff's class
10 certification motion, which is based on the dates discussed at the parties' Rule 26(f)
11 conference:

12       Motion:         January 14, 2013
13       Opposition:       February 25, 2013
14       Reply:          March 25, 2013
15       Hearing:        April, 2013

16 Based on some initial discovery, Defendants may move affirmatively to
17 deny class certification. Defendants may also move to stay, dismiss, or
18 consolidate a recently filed related putative class action – *Roemmich v. Hylands,*
19 *Inc., et. al.*, Case No. CV-12-6256-JAK (JWx) (C.D. Cal.) ("*Roemmich*") – which
20 was removed to this Court on July 20, 2012. As discussed in Section I below
21 (Related Cases), the *Roemmich* action also involves a putative nationwide class
22 action relating to the Cold 'n Cough 4 Kids – the same product allegedly used by
23 Plaintiff in this action. Given that both actions involve claims relating to the same
24 product, the *Roemmich* action should be stayed or dismissed, or consolidated with
25 this action. Defendants also anticipate filing dispositive motions on or before the
26 dispositive motion filing deadline to be set in this action. Defendants propose a
27 dispositive motion filing cut-off date of January 31, 2014.

28

JOINT RULE 26(f) REPORT                                                             4
CASE NO. 2:12-CV-01983 GHK (MRW)

### F. Anticipated Discovery

#### 1. Timing, Form or Requirement for Disclosures Under Rule 26(a)

The parties exchanged initial disclosures on July 24, 2012, pursuant to Fed. R. Civ. P. 26(a)(1)(C).

#### 2. Subjects on Which Discovery Will be Sought

*Plaintiff's Statement*. Plaintiff intends to seek discovery regarding, among other things: (i) the number of units sold during the class period; (ii) the amount of revenue derived by Defendants from the sales of the products; (iii) the content of Defendants' advertisements, marketing materials, and other public statements; (iv) exemplars of product packaging throughout the class period; (v) organizing documents for each entity involved in the marketing or sales of the products, including organizational charts, board meeting minutes, operating agreements, employee contracts, etc.; (vi) studies, trials, or any purported basis for Defendants' statements regarding the efficacy of the product; (vii) Defendants' method of developing the product; (viii) individuals consulted regarding the development of the product; (ix) customer complaints regarding the product; and (x) Defendants' refund policies and practices; (xi) experts and evidence on which Defendants rely.

*Defendants' Statement*. Defendants intend to seek discovery regarding, *inter alia*: (1) the facts and circumstances relating to Plaintiff's purchase and use of the Cold 'n Cough 4 Kids product; (2) the depositions of the witnesses identified in Plaintiff's initial disclosures and discovery responses as well as any witnesses whose declarations are submitted in support of Plaintiff's motion for class certification; (3) the facts on which Plaintiff bases his claims regarding the effectiveness of the Products; and (4) the evidence on which Plaintiff relies to prove the class certification considerations.

### 3. Deadlines for Completion of Discovery

*Plaintiff's Statement*

Plaintiff proposes the following schedule for discovery:

| Discovery | Date |
|---|---|
| Rule 26(a) initial disclosures | July 24, 2012 |
| Deadline for Non-Expert Discovery | April 19, 2013 |
| Opening Expert Witness Disclosure | May 17, 2013 |
| Rebuttal Expert Witness Disclosure | June 14, 2013 |
| Deadline for Expert Discovery | July 19, 2013 |

*Defendants' Statement*

Defendants propose the following schedule for discovery, which is based on what the parties discussed at their Rule 26(f) conference regarding the general parameters for the schedule in this action:

| Discovery | Date |
|---|---|
| Rule 26(a) initial disclosures | July 24, 2012 |
| Deadline for Non-Expert Discovery | August 24, 2013 |
| Opening Expert Witness Disclosure | September 28, 2013 |
| Rebuttal Expert Witness Disclosure | October 26, 2013 |
| Deadline for Expert Discovery | December 24, 2013 |

Defendants note that the scheduling of dates in this action, including deadlines for discovery, will be impacted by the recently filed related putative class action, *Roemmich*. As noted above and discussed in Section I below (Related Cases), the *Roemmich* action also involves a putative nationwide class action relating to the Cold 'n Cough 4 Kids – the same product allegedly used by Plaintiff in this action. Given that both actions involve claims relating to the same product, the *Roemmich* action should be stayed or dismissed, or consolidated with

this action.

Discovery in this action will also be affected by the scope of the proposed class in this action in that, although Plaintiff has identified the one product he used and five other products, he has failed to identify what other "Cold & Flu Remedies" are at issue in this action.

### 4. Phasing of Discovery

The parties agree that, at this time, phasing of discovery is not warranted or necessary.

### 5. Issues About Disclosure or Discovery of Electronically Stored Information ("ESI")

The parties are continuing to meet and confer regarding an ESI protocol. If the parties are unable to reach an agreement, they will raise the issue with the Court.

### 6. Privilege Issues

The parties do not anticipate any unusual privilege and/or protection issues Any party withholding any documents or information based on the assertion of a privilege shall serve a privilege log that complies with the requirements of the Federal Rules of Civil Procedure within 14 days after completing the production of documents responsive to the document request to which the privilege was asserted. The parties agree that a privilege log will not be required for attorney-client privileged communications between any of their parties and their outside counsel.

### 7. Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure

The parties agree that at this time, there should be no changes to the Federal and Local Rules regarding discovery. The parties may seek an order from the Court altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules.

JOINT RULE 26(f) REPORT  
CASE NO. 2:12-CV-01983 GHK (MRW)

7

### 8. Other Discovery Issues

The parties anticipate entering into a stipulated protective order that will be submitted to the Magistrate Judge assigned to this case for review and approval.

*Plaintiff's Statement*

Plaintiff requests that the parties provide a custodian's log contemporaneously with any document production. The log should identify the document custodian by name as well as the file name and location, and should be produced in the form of a log or index.

*Defendants' Statement*

There is no basis for requiring the creation and production of a custodian's log and Defendants object to Plaintiff's request, which will result in the imposition of an unnecessary and undue burden on Defendants' discovery obligations.

### 9. Electronic Service of Discovery

Pursuant to Rule 5(b)(2)(E), the parties have agreed to consent to service by electronic means with respect to discovery.

## G. The Scheduling of Trial, Pretrial Conference, and Trial Estimate

The trial will involve both a jury trial and a bench trial and the parties estimate that the trial will require approximately 15 court days.

*Plaintiff's Statement*

Plaintiff proposes a trial date in October 2013.

*Defendants' Statement*

Defendants propose that the trial be scheduled for May 2014 with the pretrial conference scheduled for April 2014. As discussed above, scheduling in this action, including trial, will be impacted by the related *Roemmich* action, which also involves a putative nationwide class action relating to the Cold 'n Cough 4 Kids – the same product allegedly used by Plaintiff in this action. Additionally, scheduling in this action will be affected by the scope of the

proposed class in this action in that, although Plaintiff has identified the one product he used and five other products, he has failed to identify what other "Cold & Flu Remedies" are at issue in this action.

### H. Manual for Complex Litigation

The parties agree that, although this is a complex case given that this action involves a putative nationwide class and multiple products, currently, there is no need to formally adopt the procedures set forth in the Manual for Complex Litigation. However, as issues arise, the parties will discuss the propriety of applying certain elements of the Manual.

### I. Related Cases

There are currently six other putative class actions pending that involve claims against some or all of the Defendants relating to the effectiveness of Defendants' various homeopathic products:

Federal Court (Central District of California)

(1) *Allen v. Hyland's Inc. et al.,* Case No. CV-12-1150 (Hon. Dolly Gee), was filed in this Court on February 9, 2012 against Hyland's, Inc. and Standard Homeopathic Company and involves claims relating to the following Hyland's products: Calms Forté, Teething Tablets, Migraine Headache Relief, ClearAc, Poison Ivy/Oak Tablets, Colic Tablets, Leg Cramps with Quinine PM, Leg Cramps, DEFEND Cold & Cough Night, DEFEND Cold & Cough, Cough, and Seasonal Allergy Relief.

(2) *Roemmich v. Hylands, Inc., et. al.*, Case No. CV-12-6256-JAK (JWx) (Hon. John Kronstadt) was originally filed in Los Angeles Superior Court on June 29, 2012 against Hyland's, Inc. and Standard Homeopathic Company. Defendants removed the action to this Court on July 20, 2012. The claims in this case related to Cold 'n Cough 4

Kids – the same product at issue in the instant *Forcellati* action.

<u>San Bernardino County Superior Court</u> – the following three state court proceedings pending in the Superior Court for San Bernardino County have been consolidated for pretrial purposes:

(3) *Acuna v. Hylands, Inc., et al.*, Case No. CIVDS-11-10816, filed on September 13, 2011, involves claims against Hyland's, Inc. and Standard Homeopathic Company related to the Complete Flu Care 4 Kids product.

(4) *Sandoval v. Hylands, Inc., et. al.*, Case No. CIVDS-12-01442, filed on February 10, 2012, against Hyland's, Inc. and Standard Homeopathic Company, involves claims related to the Calms Forté product.

(5) *Zabala v. Luyties Pharmacal Company*, Case No. CIVDS-12-01443, filed on February 10, 2012 against Luyties Pharmacal Company, a brand belonging to a subsidiary of Defendants.

<u>Los Angeles County Superior Court</u>

(6) *Kahn v. Hylands, Inc., et al.*, Case No. BC488381, filed on July 23, 2012, involves claims against Hyland's, Inc. and Standard Homeopathic Company related to the DEFEND Cold & Cough Night product.

### *J.* **Settlement Procedure**

Pursuant to Local Rule 16-15, the parties have agreed to utilize ADR Procedure No. 1 (settlement conference before a magistrate judge).

*Plaintiff's Statement:*

Plaintiff is unable to participate in settlement discussions at this time, as the size of the putative class has not been disclosed. Plaintiff requested that Defendants produce, as part of their initial disclosures, documentation of the sales

figures for the class period. These documents have not been produced. Once Plaintiff is able to determine the size of the putative class he will be in a better position to discuss settlement.

*Defendants' Statement:*

Settlement discussions are complicated by a number of factors: (1) the pendency of the other actions identified above, including the *Roemmich* action, which involves claims relating to the same product at issue in this action; and (2) uncertainty as to which products Plaintiff seeks to include in this action.

**K.     Assignment to Magistrate Judge**

The parties do not consent to the assignment of this action to a Magistrate Judge for all purposes, including trial.

**L.     Names of Trial Counsel**

At this time, the names of trial counsel for the parties are as follows:

*Plaintiff*: Scott A. Bursor and L. Timothy Fisher of Bursor & Fisher, P.A.

*Defendants*: Jeffrey Margulies, Joseph H. Park, Stephanie Stroup, Matthew Gurvitz – all of Fulbright & Jaworski L.L.P.

**M.     Scheduling Dates**

*Plaintiff's Statement*:

Based on the foregoing, Plaintiff proposes the following scheduling dates:

| Event | Date |
| --- | --- |
| Rule 26(a) initial disclosures | July 24, 2012 |
| Class Cert Motion | November 30, 2013 |
|     Opp | January 14, 2013 |
|     Reply | February 25, 2013 |
|     Hearing | March __, 2013 |
| Deadline for Non-Expert Discovery | April 19, 2013 |
| Opening Expert Witness Disclosure | May 17, 2013 |

JOINT RULE 26(f) REPORT                                                                                              11
CASE NO. 2:12-CV-01983 GHK (MRW)

| | |
|---|---|
| Rebuttal Expert Witness Disclosure | June 14, 2013 |
| Deadline for Expert Discovery | July 19, 2013 |
| Dispositive Motion Filing Cutoff | August 16, 2013 |
| Pretrial Conference | September 2013 |
| Trial | October 2013 |

*Defendants' Statement:*

Based on the foregoing, Defendants propose the following scheduling dates:

| **Event** | | **Date** |
|---|---|---|
| Rule 26(a) initial disclosures | | July 24, 2012 |
| Class Cert Motion | | Jan 14, 2013 |
| | Opp | February 25, 2013 |
| | Reply | March 25, 2013 |
| | Hearing | April, 2013 |
| Deadline for Non-Expert Discovery | | August 24, 2013 |
| Opening Expert Witness Disclosure | | September 28, 2013 |
| Rebuttal Expert Witness Disclosure | | October 26, 2013 |
| Deadline for Expert Discovery | | December 24, 2013 |
| Dispositive Motion Filing Cutoff | | January 31, 2014 |
| Pretrial Conference | | April, 2014 |
| Trial | | May, 2014 |

Dated:  July 30, 2012                    Respectfully submitted,

By:   */s/ L. Timothy Fisher*
L. Timothy Fisher

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940

JOINT RULE 26(f) REPORT                                                        12
CASE NO. 2:12-CV-01983 GHK (MRW)

Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        swestcot@bursor.com

**BURSOR & FISHER, P.A**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

**FARUQI & FARUQI, LLP**
David E. Bower (State Bar No. 119546)
Christopher B. Hayes (State Bar No. 277000)
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-Mail: dbower@faruqilaw.com
        chayes@faruqilaw.com

**FARUQI & FARUQI, LLP**
Christopher Marlborough (admitted *pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
E-Mail: cmarlborough@faruqilaw.com

*Attorneys for Plaintiff Enzo Forcellati*


By: */s/ Joseph H. Park*

**FULBRIGHT & JAWORSKI L.L.P.**
Jeffrey Margulies (State Bar No. 126002)
Joseph H. Park (State Bar No. 175064)
Stephanie Stroup (State Bar No. 235071)
555 South Flower Street. 41st Fl.
Los Angeles, California 90071

*Attorneys for Defendants Hyland's, Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On July 30, 2012, I served the foregoing document(s) described as: **REPORT OF PARTIES' PLANNING MEETING** on interested parties in this action as follows:

| | |
|---|---|
| Christopher Hayes<br>David E. Bower<br>FARUQI & FARUQI, LLP<br>10866 Wilshire Blvd., Suite 1470<br>Los Angeles, CA 90024<br>Phone: 424-256-2884<br>Fax: 424-256-2885<br>dbower@faruqilaw.com<br>chayes@faruqilaw.com<br>*Attorneys for Plaintiff* | L. Timothy Fisher<br>Sarah N. Westcot<br>BURSOR & FISHER PA<br>1990 North California Blvd.,<br>Suite 940<br>Walnut Creek, CA 94596<br>Phone: 925-300-4455<br>Fax: 925-407-2700<br>swestcot@bursor.com<br>ltfisher@bursor.com<br>*Attorneys for Plaintiff* |
| Christopher Marlborough<br>FARUQI AND FARUQI LLP<br>369 Lexington Avenue 10th Floor<br>New York, NY 10017<br>212-983-9330<br>Fax: 212-983-9331<br>cmarlborough@faruqilaw.com<br>*Attorneys for Plaintiff* | Scott A Bursor<br>BURSOR & FISHER PA<br>369 Lexington Avenue 10th Floor<br>New York, NY 10017-6531<br>212-989-9113<br>Fax: 212-989-9163<br>scott@bursor.com<br>*Attorneys for Plaintiff* |

☐ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

☐ **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated above.

| | | |
|---|---|---|
| 1 | ☒ | **(BY NEF)** The foregoing document will be served by the court via NEF and hyperlink to the document. On July 30, 2012, I checked the CM/ECF docket for this civil case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated above. |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | ☐ | **(BY EMAIL)** I caused said document(s) to be sent via e-mail to the interested parties at the e-mail address as stated above. |
| 6 | | |
| 7 | ☐ | **(BY FACSIMILE)** I caused said document(s) to be transmitted electronically to the interested parties at the facsimile numbers as above. |
| 8 | | |

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on July 30, 2012, at Los Angeles, California.

_[signature]_

———————————————————
Joseph H. Park