E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1983-GHK (MRWx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | *Enzo Forcellati, et al. v. Hyland's, Inc., et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Supplemental Briefing on Plaintiffs' Motion for Class Certification [Dkt. No. 82]

The matter is before us on Plaintiffs Enzo Forcellati and Lisa Roemmich's Motion for Class Certification. Plaintiffs' Consolidated Amended Class Action Complaint ("CACAC") principally alleges that Defendants uniformly misrepresent that their homeopathic products provide fast, safe, and effective relief from cold and flu symptoms. Because they contend "homeopathy is a pseudoscience," Plaintiffs allege that the cold and flu products are actually "nothing more than sweetened, flavored water with . . . highly diluted concentrations of the products' so-called 'active ingredients.'" (CACAC ¶¶ 2, 15, 19). Plaintiffs seek certification of a nationwide class consisting of "all persons in the United States who purchased any of six Hyland's children's cold and flu products": (1) Cold 'n Cough 4 Kids, (2) Cough Syrup with 100% Natural Honey 4 Kids, (3) Sniffles 'n Sneezes 4 Kids, (4) Cold Relief Strips 4 Kids with Zinc, (5) Complete Flu Care 4 Kids,[1] and (6) Nighttime Cold 'n Cough 4 Kids (collectively "children's cold and flu products"). (CACAC ¶¶ 1, 82). In addition, Plaintiff Forcellati seeks to represent a New Jersey-only NJCFA subclass, and Roemmich seeks to represent a Missouri-only MMPA subclass class. Plaintiffs seek to certify the classes under both Rule 23(b)(2) and (b)(3).

Although not specifically mentioned in Rule 23(a), ascertainability is a threshold prerequisite to class certification. *See, e.g.*, *Williams v. Oberon Media, Inc.*, 468 Fed. Appx. 768, 770 (9th Cir. 2012); *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 163 (C.D. Cal. 2002). To satisfy Rule 23's ascertainability requirement, Plaintiffs must establish that a precise class exists that can be identified using reliable, objective criteria. *See Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011); *O'Connor v. Boeing North American, Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). "A class is sufficiently defined and ascertainable if it is administratively feasible for the court to determine whether a particular individual is a member." *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012). On the other hand, class

---

[1] To prevent any overlap with the claims certified in the California state court action *Acuna v. Hyland's, Inc., et al.*, Case No. CIVDS1110816, San Bernadino County, Plaintiffs have excluded from the putative class California purchasers of Complete Flu Care 4 Kids.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1983-GHK (MRWx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | *Enzo Forcellati, et al. v. Hyland's, Inc., et al.* | | |

certification is "inappropriate where ascertaining class membership would require unmanageable individualized inquiry."  *Xavier*, 787 F. Supp. 2d at 1089.

The issue of ascertainability has not been sufficiently briefed by the Parties.  Although Defendants direct us to the Third Circuit's recent decision in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), they fail to engage in any in-depth analysis of how the ascertainability requirement applies to the circumstances of this case.  Plaintiffs dismiss *Carrera* as an "outlier decision" that is "at odds with Ninth Circuit law," yet they identify no Ninth Circuit authority that is actually contrary to the Third Circuit's reasoning in *Carrera*.  Nor have we been able to find any.  Instead, we have found district court cases going both ways on the question of whether purchasers of a low-cost item can constitute a sufficiently ascertainable class.  *Compare, e.g.*, *Red v. Kraft Foods, Inc.*, 2012 WL 8019257, at *4-6 (C.D. Cal.  Apr. 12, 2012) (denying class certification, in large part, on ascertainability grounds), *with Ries v. Arizona Beverages USA, LLC*, 287 F.R.D. 523, 535 (S.D. Cal. 2012) (certifying class of tea purchasers).  The Parties must address ascertainability in a more analytically rigorous fashion.

Accordingly, the Parties are hereby **ORDERED** to meet and confer, *see* L.R. 7-3, and **file a Joint Supplemental Brief of no more than 30 pages**, divided evenly between the Parties, **by February 3, 2014** that addresses the following issues:

(1)  Defendants assert that Plaintiffs' failure to identify a feasible and reliable means of identifying class members deprives Defendants of the opportunity to meaningfully challenge class membership and therefore raises due process concerns.  This conclusory contention is insufficient.  Given that Defendants' total liability here would be determined based on their total sales numbers, Defendants **SHALL** specifically address, and Plaintiffs may dispute, how they would be harmed by the inability to reliably ascertain the identity, not the existence, of class members.

(2)  The Parties **SHALL** address whether a class action is a superior method "for fairly and efficiently adjudicating the controversy" where there is no feasible and reliable means of identifying class members, given that there is a significant likelihood that true class members' recovery would be diluted by fraudulent or inaccurate claims.  *See* Fed. R. Civ. Proc. 23(b)(3).

(3)  In *Carrera*, the Third Circuit noted that absent class members might challenge the adequacy of their representation in a subsequent action if their recovery were materially reduced by fraudulent or inaccurate claims.  727 F.3d at 310.  Because class members are only bound by the final judgment in a class action if they were adequately represented at all times, these class members could potentially bring a new action against Defendants.  *Id.*; *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 853 (9th Cir. 2000) (noting that a final judgment lacks preclusive effect when the interests of the class members are inadequately represented by class representatives).  The Parties **SHALL** address whether a class with an insufficiently ascertainable identity of class members undermines the ability to issue a final judgment by which class members would be bound.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1983-GHK (MRWx) | Date | December 19, 2013 |
|---|---|---|---|
| Title | *Enzo Forcellati, et al. v. Hyland's, Inc., et al.* | | |

(4)  Plaintiffs propose to identify class members by retailer records and affidavits, but they fail to explain how these methods would be both reliable, effective, and administratively feasible for the court to administer.  Plaintiffs **SHALL** develop these proposals in further detail by explaining, *inter alia*, what retailer records they are going to use, how these records can be used to identify class members, what proportion of the class will likely be identifiable by such records, how affidavits can be used to reliably identify actual class members, and how they propose to give notice to class members.

Upon review of the Parties' Joint Supplemental Brief, we will determine if oral argument is necessary.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |