**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
E-Mail: scott@bursor.com
　　　　ltfisher@bursor.com

*Co-Lead Class Counsel*

**NORTON ROSE FULBRIGHT US LLP**
Jeffrey Margulies, State Bar No. 126002
Spencer Persson, State Bar No. 235054
Stephanie Stroup, State Bar No. 235071
Jade Jurdi, State Bar No.273401
555 South Flower Street
Forty-First Floor
Los Angeles, CA  90071
Telephone:   (213) 892-9200
E-Mail: jeff.margulies@nortonrosefulbright.com
　　　　spencer.persson@nortonrosefulbright.com
　　　　stephanie.stroup@nortonrosefulbright.com
　　　　jade.jurdi@nortonrosefulbright.com

*Attorneys for Defendants*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZO FORCELLATI and LISA ROEMMICH, on Behalf of Themselves and all Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>HYLAND'S, INC., STANDARD HOMEOPATHIC LABORATORIES, INC., and STANDARD HOMEOPATHIC COMPANY,<br>　　　　　　Defendants. | Case No. 2:12-CV-01983 ODW (MRW)<br><br>[PROPOSED] **SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT**<br><br>Hon. Otis D. Wright, II |

On February 7, 2017, this Court granted preliminary approval of a proposed class action settlement between the parties in this Consolidated Action. In the Preliminary Approval Order, the Court provisionally certified a Settlement Class of all persons in the United States who purchased the following Hyland's products on or after March 8, 2008: (i) Cold 'n Cough 4 Kids, (ii) Cough Syrup with 100% Natural Honey, (iii) Sniffles 'n Sneezes 4 Kids, (iv) Cold Relief Strips 4 Kids with Zinc, (v) Nighttime Cold 'n Cough 4 Kids, (vi) Complete Flu Care 4 Kids, (vii) Baby Teething Gel, (viii) Baby Cough Syrup, (ix) Baby Gas Drops, (x) Baby Infant Earache Drops, and (xi) Baby Nighttime Tiny Cold Syrup.[1] The Court also approved the procedures for giving notice and the forms of notice. Additionally, in the Preliminary Approval Order, the Court concluded that the parties' proposed settlement, as set forth in the Stipulation of Settlement, was within range of possible final approval.

Now, pending before the Court is the parties' Motion for Final Approval of Class Action Settlement, and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Incentive Awards. In accordance with the Preliminary Approval Order and the parties' Stipulation of Settlement, on August 14, 2017, the Court held a duly noticed Fairness Hearing for purposes of: (a) determining the fairness, adequacy, and reasonableness of the settlement; and (b) ruling upon an application by Class Counsel for a Fee and Expense Award and Plaintiffs' Incentive Awards.

The Court, having reviewed the papers filed in support of the Motions, heard the arguments of counsel, and good cause appearing therefore, hereby GRANTS the

---

[1] Excluded from the provisionally certified Settlement Class are: (a) Hyland's employees, officers and directors, (b) persons or entities who purchased the Products for the purpose of re-sale, (c) retailers or re-sellers of the Products, (d) governmental entities, (e) persons who timely and properly exclude themselves from the Class as provided herein, and (f) the Court, the Court's immediate family, and Court staff. *See* Stipulation of Settlement Sections I-II.

Motion for Final Approval and Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Incentive Awards and hereby FINDS and ORDERS as follows:

1. This Court has personal jurisdiction over all Settlement Class Members, and subject matter jurisdiction over the claims asserted in the Consolidated Action. Venue is proper.

2. The parties have agreed to settle this Consolidated Action upon the terms and conditions set forth in the Stipulation of Settlement, which has been filed with the Court.

3. The Court has carefully reviewed the Stipulation of Settlement, as well as the files, records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Settlement Approval Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

4. Class Notice was given substantially in the form approved by the Court, and in the manner approved by the Court. The Court-approved notice to the Settlement Class, as set forth in the Preliminary Approval Order, was the best notice practicable under the circumstances. Notice included direct mail and email notice, publication in a national edition of USA Today, and online publication. Notice has been successfully implemented and satisfies the requirements of Fed. R. Civ. P. 23 and due process. The Court further finds that Notice was sent in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5. The Court affirms certification of the Settlement Class for settlement purposes only. Settlement Class Members who have excluded themselves from the settlement, pursuant to the procedures set forth in Section VI of the Stipulation of Settlement, shall no longer be considered Settlement Class Members and shall not be bound by the Stipulation of Settlement or be eligible to make a claim for any benefit under the terms of the Stipulation of Settlement.

6. The Court appoints Enzo Forcellati, and Lisa Roemmich as Class Representatives.

7. The Court appoints Bursor & Fisher, P.A., Vozzolo LLC, and Faruqi & Faruqi, LLP as Class Counsel.

8. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement.

9. The Court finds that the settlement set forth in the Stipulation of Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement set forth in the Stipulation of Settlement provides meaningful relief to the Class including, cash relief, and injunctive relief, and certainly falls within the range of possible recoveries by the Class. Additionally, among other things, the fact that the parties' agreement is the result of arm's length negotiations, the risk of trial, and the complex legal and factual posture of this Consolidated Action support the finding that the settlement is fair, adequate, and reasonable. Any objections to the settlement are overruled as without merit.

10. Accordingly, the Stipulation of Settlement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11. The Court awards to Class Counsel $2.9 million, which includes reimbursement of Class Counsel's costs and expenses, as attorney's fees and costs.

12. The Court awards to the Class Representatives $5,000 as an Incentive Award for their roles in this Action.

13. Defendants shall pay the Fee Award and Incentive Awards pursuant to and in the manner provided by the Stipulation of Settlement.

14. Effective as of the Final Settlement Approval Date, each and every Settlement Class Members (except any such person who has filed a proper and timely Request for Exclusion) shall release and forever discharge, and shall be

forever barred from asserting, instituting or maintaining against any or all of the Released Persons, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual allegations made in the Consolidated Action, including without limitation the allegation that Settlement Class Products' ingredients are ineffective, the allegation that the Settlement Class Products are not all natural, and/or the purchase of any of the Settlement Class Products during the Settlement Class Period (collectively, the "Claims").

15. Upon the Final Settlement Approval Date, the above release of claims and the Stipulation of Settlement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of all Plaintiffs, Class Representatives, and Settlement Class Members, and their predecessors, successors, assigns, heirs, or executors. All Settlement Class Members who have not been properly excluded themselves from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

16. Neither the Stipulation of Settlement nor the releases given therein, nor any consideration therefor, nor any actions taken to carry out the terms of the Stipulation of Settlement, are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, defense, or of any point of fact or law on the part of any party. Hyland's denies the material allegations of the Consolidated Amended Class Action Complaint and the Second Amended Complaint.

17. The parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the

Stipulation of Settlement and its implementing documents (including all exhibits) without further notice to the Settlement Class or approval by the Court if such changes are consistent with this Settlement Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members under the Stipulation of Settlement.

18. This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Subject to the terms and conditions of the Stipulation of Settlement, this Court hereby dismisses the Action on the merits with prejudice except that, without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over, (a) implementation, enforcement, administration of the settlement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Stipulation of Settlement; and (c) all parties hereto, for the purpose of enforcing and administering the settlement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation of Settlement.

**IT IS SO ORDERED.**

Dated: August 14, 2017

By:_____
Hon. Otis D. Wright, II
United States District Judge

[PROPOSED] SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT
CASE NO. 2:12-CV-01983 ODW (MRW)

5