O

# United States District Court
# Central District of California

| | |
|---|---|
| ENZO FORCELLATI and LISA ROEMMICH, on Behalf of Themselves and all Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>HYLAND'S, INC., STANDARD HOMEOPATHIC LABORATORIES, INC., AND STANDARD HOMEOPATHIC COMPANY,<br><br>                    Defendants. | Case No. 2:12-cv-01983-ODW(MRW)<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION FOR APPEAL BOND [315] AND ORDER TO SHOW CAUSE REGARDING SANCTIONS** |

## I.   INTRODUCTION

Before the Court is the Plaintiffs' Motion for an Appeal Bond.  (Pl.'s Mot. Appeal Bond, ECF No. 315.)  On August 14, 2017, after a fairness hearing, the Court approved a class-action settlement between the parties.  (Mins. Mot. Hr'g, ECF No. 305; Settlement Approval Order, ECF No. 306.)  Objector Ashley Hammack appealed the Court's approval of the settlement.  (Hammack Not. of Appeal, ECF No. 309.)  Hammack has a reputation as a serial objector, and Plaintiffs now seek an order requiring her to post an appeal bond.  (ECF No. 315.)  Hammack's filings also misstate, or at least obfuscate, case law, and do not conform to the Local Rules.  (Reply, ECF No. 319; Opp'n, ECF No. 316; Hammack Objections, ECF No. 295.)  For the following reasons, the Court **GRANTS, in part,** and **DENIES, in part,** Plaintiffs' Motion for Appeal Bond.  (ECF No. 315.)  The Court also **ORDERS**

Hammack's counsel **TO SHOW CAUSE**, in writing only, no later than **February 20, 2018,** why the Court should not impose sanctions in the amount of $250.00 for bad faith and violations of Rule 11(b) in her filings. (ECF No. 316.)

## II. FACTUAL BACKGROUND

The parties agreed to a class-action settlement providing injunctive and economic relief for all class members who submitted a valid claim form. (Stip. Settlement, Ex. 1 at 15, ECF No. 275-2.) The Court issued a Preliminary Approval Order (¶¶ 7–9, ECF No. 288) requiring an extensive notice campaign that involved use of postal mail, e-mail, publication, and internet banners to inform class members of the terms of the Settlement, date of the final approval hearing, and the rights of class members, including their right to object. (Pl.'s Mem. Supp. Mot. Settlement Approval 24–25, ECF No. 291-1.) By the end of the claims period, 142,502 individuals submitted claims forms. (Pl.'s Mot. 3, ECF No. 315.) Only three individuals objected: Zeynap Vitale, who did not appeal (*Id.* at 3); Patrick Sweeney, a serial objector whose appeal was dismissed for failure to pay the appropriate filing fees (Sweeney Order, ECF No. 312); and Hammack, against whom this appeal bond is now sought. (Pl.'s Mot., ECF No. 315.)

On August 14, 2017, the Court held a final approval hearing and evaluated the settlement between class members, as represented by Enzo Forcellati and Lisa Roemmich, and Hyland's, Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company (collectively, "Defendants"). (ECF No. 305.) The Court determined that the Notice required by the Preliminary Approval Order (ECF No. 288) had been "successfully implemented and satisfied the requirements of Fed. R. Civ. P. 23 and due process." (¶ 4, ECF No. 306.) None of the objectors attended the fairness hearing. (Min. Mot. Hr'g, ECF No. 305.) The Court overruled the three submitted objections and found the Settlement to be "fair, reasonable, and adequate."

(Settlement Approval Order, ECF No. 306.)  That same day, the Court approved the settlement. (*Id*.)

Subsequently, Hammack appealed.  (Not. of Appeal, ECF No. 307.)  Hammack and her counsel have earned themselves a reputation as serial objectors. (ECF No. 315.)  This is evidenced by her repeated filing of objections and appeals—and their repeated rejection.  *See Lerma v. Schiff Nutrition Int'l, Inc.*, 3:11-cv-01056-MDD, 2016 U.S. Dist. LEXIS 24748, at *3 (S.D. Cal. Feb. 29, 2016.) (finding Hammack's objections meritless); *see also Vincent v. People Against Dirt*, *PBC*, Case No. 7:16-vb-06936-NSR (S.D.N.Y. Sept. 2, 2016) (entirely overruling Hammack's objections); *Rapoport-Hecht v. Seventh Generation, Inc.*, Case No. 7:16-cv-09087-KMK (S.D.N.Y. Nov. 14, 2014) (disregarding Hammack's objection).  Hammack objected because: (1) class counsel failed to post their motion for attorneys' fees on the class action website; (2) the attorneys' fees requests were too high; and (3) the class representative incentive award of $5,000 was too high. (Hammack Not. of Objection 1–2, ECF No. 295.)

On November 2, 2017, Plaintiffs moved for an order requiring Hammack to post an appeal bond, and Hammack opposed. (ECF Nos. 315–16.)  After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

### III. LEGAL STANDARD

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  The Court has discretion to determine when an appeal bond is appropriate, as well as its amount.  *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *4 (N.D. Cal. Oct. 21, 2008).  When reviewing objections to the amount of an appeal bond, an abuse of discretion standard applies.

*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007) (citing *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1028 (9th Cir. 2001) (as amended)). "However, the meaning of the phrase 'costs on appeal' is a question of law that [the court of appeals] review[s] de novo." *Azizian*, 499 F.3d at 955.

### IV.   DISCUSSION

Rule 7 of the Federal Rules of Appellate Procedure provides that the district court may require an appellant to post a bond in order to ensure payment of appellate costs. *See* Fed. R. App. P. 7. Congress intended appeal bonds to "protect against the risk of nonpayment by an unsuccessful appellant." *Fleury*, 2008 WL 4680033, at *6.

#### A.   Appropriateness of Granting an Appeal Bond

The appropriateness of a bond is analyzed in light of (1) the appealing party's financial ability to post a bond, (2) the risk that the appealing party would not pay costs, if the appeal fails, and the (3) the likelihood that the appealing party will lose their appeal.[1] *Fleury*, 2008 WL 4680033, at *6. Many "[c]ourts treat with particular disapproval the objections and appeals of 'professional objectors' . . . ." *In re Checking Account Overdraft Litig.*, No. 1.09-MD-02036-JLK, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012). However, the Ninth Circuit does not allow courts to consider an individual's status as a professional objector in determining the appropriateness of an appeal bond. *Fleury*, 2008 WL 4680033, at *6 (citing *Azizian*, 499 F.3d at 960) (explaining that "Rule 7 is not intended to provide a penalty to address the frivolity of an appeal"). Even so, review of these three factors leaves the Court confident that an appeal bond is appropriate in this case.[2]

//

---

[1] Plaintiffs and Hammack refer to these factors interchangeably as the *Fleury* and *Azizian* factors. (ECF Nos. 315–317.)

[2] While Hammack now argues against granting the appeal bond at all (ECF No. 316), she previously acknowledged the appropriateness of an appeal bond, limiting her dispute to its amount. (Dec. of Timothy J. Peter ¶ 4, ECF No. 315-1.)

//

### 1. *Financial Ability to Post Bond*

The objector bears the burden of establishing that she cannot post an appeal bond. *Miletak v. Allstate Ins. Co*, No. C 06-02778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012); *see also Fleury,* 2008 WL 4680033, at *7 (finding that failure to establish an inability to pay a bond typically weighs in favor of awarding the bond). Hammack provided no such evidence and does not address this in her opposition. (ECF No. 316); *cf. Glasser v. Volkswagen of Am.*, Case No. CV 06-2562 ABC (JTLx), 2010 WL 11545660, at *2 (C.D. Cal. May 20, 2010) (finding that failure to address financial status requires bond). Additionally, Hammack's history of paying appeal bonds demonstrates that she has the financial ability to post a bond. *See, e.g.*, *Lerma*, 2016 U.S. Dist. LEXIS 24748, at *3 (requiring Hammack to post an appeal bond for her meritless objections). Thus, this factor strongly favors granting the bond.

### 2. *Risk of Non-Payment*

The second factor, risk of non-payment, weighs in favor of granting an appeal bond when collecting costs after a failed appeal would be difficult. *See Fleury,* 2008 WL 4680033, at *7. If an objector resides outside of the state or circuit where an appeal was filed, then an appeal bond is likely appropriate. *Id.* at *7 (finding that the risk of non-payment favored granting the bond because the objector did not reside in California or the Ninth Circuit); *cf. Miletak*, 2012 WL 4686785, at *2 ("[T]he difficulty of collecting payment post-appeal . . . is neutral because [the] Objector . . . is a resident of California."). Here, Hammack lives in Texas, outside of both the state of California and the Ninth Circuit. (Not. of Objection, ECF No. 295.) Thus, this factor also weighs in favor of the appeal bond.

//

//

### *3. Merits of the Appeal*

The final consideration in determining whether an appeal bond should be awarded is the merits of the appeal in question. *Fleury*, 2008 WL 4680033, at *21. This factor also mandates that she post bond. *See In re General Elec. Co. Sec. Litig.*, 998 F. Supp. 2d (S.D.N.Y. 2014) (quoting *T.C. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 341 (2nd Cir. 2010)) ("An argument is 'frivolous'. . . when it is 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'")

She first contends that class counsel did not post its fee motion on the class-action site in a timely manner. (ECF No. 295 at 2.) She offers no evidence to support this accusation, however. *(Id.)* Moreover, Plaintiffs assert that they posted the motion for attorneys' fees on the website one day after its filing. (ECF No. 315 at 10.) Thus, this objection lacks the factual basis necessary to entertain the possibility of winning on appeal. Even if Hammack provided evidence to support her theory, a delay of one day in posting the motion on the settlement website would not support a strong case for an appeal.

She also objects to the attorneys' fees requested. (ECF No. 295 at 2.) She argues, based on a single sentence in *Hanlon v. Chrysler*, 150 F.3d 1011, 1029 (9th Cir. 1998), that attorneys' fees cannot be awarded in excess of 25% of the total amount recovered. (ECF No. 295.) However, Hammack ignores the context in which the *Hanlon* court established the 25% benchmark for attorneys' fees. The 25% benchmark applies where the court employs the common fund method of calculation. *See Hanlon*, 150 F.3d at 1029; (ECF No. 295 at 2.) Directly before the sentence Hammack quotes, *Hanlon* acknowledges that there are two common methods for determining attorneys' fees in class actions, and that, in injunctive relief class actions, such as this, courts are more likely to use a lodestar calculation because "there is no

way to gauge the net value of the settlement or any percentage thereof." *See Hanlon*, 150 F.3d at 1029. Thus, her objection runs contrary to the law and lacks merit.

Finally, Hammack objected to the $5,000 incentive award given to the class representatives because it was too high. (ECF No. 295 at 3.) However, courts in the Ninth Circuit have repeatedly found $5,000 to be a presumptively reasonable incentive award. *See, e.g.*, *In re Mego Fin. Corp.*, 213 F.3d at 457 (approving $5,000 incentive award); *In re Toys "R"Us-Del, Inc. FACTA Litig.*, 295 F.R.D. 438, 470-72 (C.D. Cal. 2014) (internal citation omitted) (finding a $5,000 incentive award to be "just and reasonable under the circumstances"). Hammack provides no legal authority in support of her position. (*See* ECF No. 295 at 3.)

These three contentions provided the foundation for Hammack's entire appeal. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 469 (2000) (generally limiting issues on appeal to those issues raised in the lower court). Her objections lack substantive merit and indicate a very high probability that she will lose her appeal. Accordingly, this factor also supports granting the appeal bond.

On balance, then, all three of the *Fleury* factors weigh in favor of requiring Hammack to post an appeal bond.

**B.     Appropriate Amount of the Appeal Bond**

"[T]he term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute," in addition to those costs available under Rule 39(e). *Azizian*, 499 F.3d at 958. Rule 39(e) costs include: (1) preparation and transmission of the record; (2) the reporter's transcript; (3) premiums for a bond to preserve rights pending appeal; and (4) the notice of appeal filing fee. Fed. R. App. P. 39(e). The proper scope of an appeal bond has long divided the courts, and it continues to do so. *See In re Netflix Privacy Litig.*, Case No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) (acknowledging the diverging views). However, citing *Azizian*, an unpublished Ninth Circuit opinion recently

clarified that "[t]he district court may not include in an appeal bond *any* expenses beyond those referenced in Fed. R. App. P. 39 unless such expense may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litigation*, 571 Fed. Appx. 560, 563 (9th Cir. 2014) (emphasis added).

While Plaintiffs cite extensive support for their position that the substantial Settlement Administration costs should be included in the appeal bond, they do not provide any evidence that a cost-shifting statute exists which provides for inclusion of settlement administration fees. (ECF Nos. 315, 317) Moreover, almost all supporting cases cited (*See* ECF Nos. 315, 317) predated the Ninth Circuit's decision in *Magsafe*. The one exception is *Retta v. Millennium Products, Inc.*, No. 2:15-cv-01801-PSG-AJW, ECF No. 152 (C.D. Cal. Dec. 20, 2017), which did occur after *Magsafe*; however, in that case, the appeal bond went unopposed by the objectors.

In contrast, here, Hammack raised *Magsafe* in opposition. (ECF No. 316.) Because it is unpublished, *Magsafe* is not binding on this court. L. R. App. P. 36-3. However, it remains persuasive and is particularly consequential in this case, because it provides insight into the Ninth Circuit's intended interpretation of *Azizian.* Accordingly, the Court follows *Magsafe* and declines include the substantial settlement administration costs, totaling $76,642 (Luchessi Dec., ECF No. 315-4 at 2), in the appeal bond because Plaintiffs do not provide a statute allowing these fees to be shifted. *See Magsafe*, 571 Fed. Appx. at 563.

However, Plaintiffs established $2,500.00 in litigation-related fees (ECF No. 315 at 13) that fall within the scope of Rule 39(e). Fed. R. App. P. 39(e); *see also Shulken v. Wash. Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) (noting Rule 7 does not even require a specific showing of alleged costs). Accordingly, the Court **GRANTS** Plaintiffs' Motion, in part, and sets the appeal bond at $2,500. Hammack must post this bond within 14 days of the date of this Order.

### C. Sanctions

"When assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Chambers v. Whirlpool Corp.*, Case No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360, at *2 (C.D. Cal. Aug. 12, 2016) (internal citation omitted). When an objector demonstrates bad faith or vexatious conduct, this also should be taken into consideration. *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1271 (W.D. Wash. 2013). Throughout her filings, Hammack repeatedly mischaracterized and inaccurately cited case law (ECF No. 295 at 2 (mischaracterizing *Hanlon*); attacked the ethics of Plaintiffs' counsel (ECF No 316. at 5 (accusing Plaintiffs' counsel of improper motivation)), disregarded the Local Rules (ECF No. 316 at 1 (demonstrating failure to comply with local rules)), and misstated facts (*Id.* at 6 (falsely indicating Hammack or her counsel attended the fairness hearing)).

Under Rule 11 of the Federal Rules of Civil Procedure, by signing a pleading, an attorney certifies (1) that the information therein is not being presented for an improper purpose, (2) that the legal contentions put forward are warranted by existing law, (3) that the factual contentions put forward have evidentiary support, and (4) that denials of factual contentions are warranted. Fed R. Civ. P. 11(b). When the conduct of a party or their counsel violates these rules, the Court may, on its own initiative, institute sanctions against them. *See* Fed. R. Civ. P. 11(c)(3). In addition, under its own inherent authority, the Court may impose sanctions for displays of bad faith. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). In this instance, sanctions are warranted under both authorities.

First, the Plaintiffs correctly pointed out that filings by Hammack's counsel repeatedly failed to comply with the Court's Local Rules. (ECF No. 319 at 5.) Both Hammack's Notice of Objection (ECF No. 295) and subsequent Opposition to

Plaintiffs' Motion for Appeal Bond (ECF No. 316) are on unnumbered paper. *See* C.D. Cal. L.R. 11-3.2 ("All documents shall . . . be numbered on the left margins . . . ."). Counsel also repeatedly failed to provide identifying information on the caption page of her filings. (ECF No. 295, 316.) This is a standard requirement in the Court. C.D. Cal. L.R. 11-3.8. Particularly in light of the number of actions of this type that Hammack and her counsel previously brought, there is no legitimate explanation for her disregard of the Local Rules.

The Court addressed above Counsel's mischaracterization of the law in *Hanlon* in Hammack's original Objection (ECF No. 295 at 2), ignoring its context and selecting choice sentences that take on very different meanings in their full context. *See Hanlon*, 150 F.3d at 1029.

Additionally, in Hammack's Opposition, Counsel falsely implied that class counsel relied only on "one non-precedential district court opinion imposing bonds to cover settlement administration costs." (ECF No. 316.) Plaintiffs cited to at least three district court cases where such costs were awarded as part of an appeal bond. (ECF No. 315.) Hammack's counsel also stated in her Opposition that she objected at the fairness hearing, but neither she nor Counsel attended that hearing.

Taken together, Counsel's disregard for the Local Rules and misstatements of law and fact demonstrate the type of subjective bad faith and Rule 11 violations warranting sanctions. Accordingly, the Court **ORDERS** that, absent a showing of cause to the contrary, Hammack's counsel must pay a fine in the amount of $250.00.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiffs' Motion for Appeal Bond. The Court **ORDERS THAT** Objector Ashley Hammack shall post an appeal bond in the amount of $2,500 within **14 days** of the entry of this Order. The Court also **ORDERS** Hammack's counsel to **SHOW**

**CAUSE**, in writing only, no later than **February 20, 2018,** why the Court should not sanction Hammack's counsel in the amount of $250.00 for violations of Rule 11(b).

**IT IS SO ORDERED.**

February 5, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**