Michael Creamer, Attorney for Objector

CA Bar Number 204662

PO BOX 17743

Anaheim, CA 92817

714-623-2299

shoya@yahoo.com

*Attorney for Objector*
Ashley Hammack

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENZO FORCELLATI and LISA ROEMMICH, on Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> HYLAND'S, INC., STANDARD HOMEOPATHIC LABORATORIES, INC., and STANDARD HOMEOPATHIC COMPANY, <br><br> Defendants | Case No. 2:12-CV-01983 ODW (MRW) <br><br> <u>CLASS ACTION</u> <br><br> **RESPONSE TO ORDER TO SHOW CAUSE REGARDING SANCTIONS** |

**RESPONSE**

Class member and objector, Ashley Hammack, ("hereinafter Objector") responds to the order to show cause regarding sanctions.

First, Objector and her attorney apologize to the Court for any confusion or misunderstanding. Objector's attorney rarely practices in this Court, and any local rules not followed was unintentional. Objector's attorney will not make these same mistakes again.

Second, Objector's attorney believed that her objection would be considered at the Fairness Hearing, even if the client or attorney was not physically there. Section 6.13 of the settlement states:

> No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement Agreement, and no written objections or briefs by any Settlement Class Member shall be considered by the Court at the Fairness Hearing unless a written objection is filed with the Court and delivered to Class Counsel and Defense Counsel by the Objection Deadline.

Settlement Agreement 6.13.

Based on the attorney's interpretation of this section of the settlement agreement, Objector believed that she "objected at the fairness hearing" and she apologizes to the Court for miscategorizing a statement in her response to the appeal bond about this issue.

Third, Objector's attorney believed that he was advocating for his client and felt that in pleadings filed by class counsel, his client were being improperly personally attacked by class counsel for the only reason that she had previously filed objections. Objector believes that objectors such as herself help to prevent class action abuse by pointing out potential deficiencies in the settlement. Every successful class action appeal started as an objection.

Furthermore, "Objectors provide a critically valuable service of providing knowledge from a different point of view [from that of the settling parties.]" *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfield, J., dissenting); see also *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) ("It is desirable to have as broad a range of participants

in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally."). While the Court may not agree with Objector's arguments made in her Objection and response, Objector's attorney humbly requests that his zealous representation should not be penalized.

For the reasons stated above, Objector requests the Court to not sanction Objector's attorney.

Dated: February 20, 2018

Respectfully submitted,

*/s/ Michael Creamer*
Michael Creamer

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the [DATE] and served by the same means on all counsel of record.

*/s/ Michael Creamer*
Michael Creamer